**WARNING: AT LEAST ONE DOCUMENT COULD NOT BE INCLUDED!**
**You were not billed for these documents.**
**Please see below.**

| Document Number | Document Description | Pages | Document Error |
|---|---|---|---|
| Document 1 attachment | Attachment | 12 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |
| Document 1 attachment | Attachment | 3 | **DOCUMENT COULD NOT BE RETRIEVED! However, it may still be viewable individually.** |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>450 Fifth Street, NW<br>Washington, DC 20530,<br><br>        Plaintiff,<br><br>  v.<br><br>THIRD POINT OFFSHORE FUND, LTD.<br>c/o Cayman Corporate Center<br>27 Hospital Road<br>George Town, Grand Cayman KY1-9008<br>Cayman Islands,<br><br>THIRD POINT ULTRA LTD.<br>c/o Maples Corporate Services (BVI) Ltd.<br>Kingston Chambers, P.O. Box 173<br>Road Town, Tortola<br>British Virgin Islands,<br><br>THIRD POINT PARTNERS QUALIFIED<br>L.P.<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, Delaware 19801, and<br><br>THIRD POINT LLC<br>390 Park Avenue, 19th Floor<br>New York, NY 10022,<br><br>        Defendants. | Civil Action No. |

**COMPLAINT FOR CIVIL PENALTIES AND INJUNCTIVE RELIEF FOR FAILURE
TO COMPLY WITH THE PREMERGER REPORTING AND WAITING
REQUIREMENTS OF THE HART-SCOTT RODINO ACT**

The United States of America, Plaintiff, by its attorneys, acting under the direction of the

Attorney General of the United States and at the request of the Federal Trade Commission,

brings this civil antitrust action to obtain monetary relief in the form of civil penalties and

1

injunctive relief against Defendants Third Point Offshore Fund, Ltd. ("Third Point Offshore"),

Third Point Ultra Ltd. ("Third Point Ultra"), Third Point Partners Qualified L.P. ("Third Point

Partners") (collectively, "Defendant Funds") and Third Point LLC (collectively with Defendant

Funds, "Defendants").  Plaintiff alleges as follows:

## INTRODUCTION

1.      The Hart-Scott-Rodino Antitrust Improvements Act of 1976, 15 U.S.C. § 18a

("HSR Act" or "Act") is an essential part of modern antitrust enforcement.  It requires the buyer

and the seller of voting securities or assets in excess of a certain value to notify the Department

of Justice and the Federal Trade Commission and to observe a waiting period prior to

consummating the acquisition.  This waiting period provides the federal antitrust agencies with

an opportunity to investigate and to seek an injunction to prevent the consummation of

acquisitions that are likely to be anticompetitive.

2.      Each Defendant Fund violated the HSR Act's notice and waiting requirements

when it acquired voting securities of DowDuPont Inc. ("DowDuPont") on August 31, 2017, as a

result of the consolidation of Dow Chemical Company ("Dow") and E.I du Pont de Nemours and

Company ("DuPont").

3.      The Court should assess an appropriate civil penalty and injunctive relief for these

violations of the HSR Act's requirements.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Defendants and over the subject matter of this

action pursuant to Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g), and pursuant to 28

U.S.C. §§ 1331, 1337(a), 1345, and 1355, and over Defendants by virtue of Defendants' consent,

in the Stipulation relating hereto, to the maintenance of this action and entry of the Final

Judgment in this District.

5.      Venue is properly based in this District by virtue of Defendants' consent, in the

Stipulation relating hereto, to the maintenance of this action and entry of the Final Judgment in

this District.

## THE DEFENDANTS

6.      Defendant Third Point Offshore is an offshore fund organized under the laws of

the Cayman Islands with its registered office at Walkers Corporate Limited, Corporate Centre,

27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands.

7.      Defendant Third Point Ultra is an offshore fund organized under the laws of the

British Virgin Islands with its registered office at Maples Corporate Services (BVI) Ltd.,

Kingston Chambers, P.O. Box 173, Road Town, Tortola, British Virgin Islands.  The Investment

Manager of Defendant Third Point Ultra has its office at 390 Park Avenue, 19th Floor, New

York, NY 10022.

8.      Defendant Third Point Partners is a limited partnership organized under the laws

of the State of Delaware, with its principal place of business at Corporation Trust Center, 1209

Orange Street, Wilmington, DE 19801.

9.      Defendant Third Point LLC is a limited liability company organized under the

laws of the State of Delaware, with its principal place of business at 390 Park Avenue, 19th

Floor, New York, NY 10022.  Defendant Third Point LLC makes all the investment decisions on

behalf of the Defendant Funds, including deciding whether to file notifications pursuant to the

HSR Act and preparing the notification forms on behalf of each of the Defendant Funds.

10.      Defendants are engaged in commence, or in activities affecting commerce, within

the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the

Clayton Act, 15 U.S.C. §18a(a)(1).  At all times relevant to this Complaint, each Defendant had total assets in excess of $16.2 million.

## OTHER ENTITIES

11.     DowDupont is a corporation organized under the laws of the State of Delaware with its principal place of business at 2030 Dow Center, Midland, MI 48674.  DowDuPont is engaged in commerce, or in activities affecting commerce, within the meaning of Section 1 of the Clayton Act, 15 U.S.C. § 12, and Section 7A(a)(1) of the Clayton Act, 15 U.S.C. §18a(a)(1). At all times relevant to this Complaint, DowDuPont had annual net sales in excess of $161.5 million.

## THE HART-SCOTT-RODINO ACT AND RULES

12.     The HSR Act requires certain acquiring persons and certain persons whose voting securities or assets are acquired to file notifications with the federal antitrust agencies and to observe a waiting period before consummating certain acquisitions of voting securities or assets. 15 U.S.C. § 18a(a) and (b).  The HSR Act's notification and waiting period requirements are intended to give the federal antitrust agencies prior notice of, and information about, proposed transactions.  The waiting period is intended to provide the federal antitrust agencies with an opportunity to investigate a proposed transaction and to determine whether to seek an injunction to prevent the consummation of a transaction that may violate the antitrust laws.

13.     The HSR Act's notification and waiting period requirements apply to acquisitions that meet the HSR Act's thresholds, which are adjusted annually.  During the period of 2017 relevant to this Complaint, the HSR Act's reporting and waiting period requirements applied to transactions that would result in the acquiring person holding more than $80.8 million of voting securities, non-corporate interests, or assets, if certain size of person tests were met, except for

certain exempted transactions.

14.     Pursuant to Section 7A(d)(2) of the HSR Act, 15 U.S.C. § 18a(d)(2), the Federal Trade Commission promulgated rules to carry out the purpose of the HSR Act.  16 C.F.R. §§ 801-03 ("HSR Rules").  The HSR Rules, among other things, define terms contained in the HSR Act.

15.     Section 801.2(a) of the HSR Rules, 16 C.F.R. § 801.2(a), provides that "[a]ny person which, as a result of an acquisition, will hold voting securities" is deemed an "acquiring person."

16.     Section 801.1(a)(1) of the HSR Rules, 16 C.F.R. § 801.1(a)(1), provides that the term "person" means "an ultimate parent entity and all entities which it controls directly or indirectly."

17.     Section 801.1(a)(3) of the HSR Rules, 16 C.F.R. § 801.1(a)(3), provides that the term "ultimate parent entity" means "an entity which is not controlled by any other entity."

18.     Section 801.2(d)(1)(i) of the HSR Rules, 16 C.F.R. § 801.2(d)(1)(i), provides that "mergers and consolidations are transactions subject to the act and shall be treated as acquisitions of voting securities."

19.     Section 801.13(a) of the HSR Rules, 16 C.F.R. § 801.13(a), provides that "all voting securities of the issuer which will be held by the acquiring person after the consummation of an acquisition shall be deemed voting securities held as a result of the acquisition."

20.     Section 802.21 of the HSR Rules, 16 C.F.R. § 802.21, provides that, when a person files under the HSR Act to acquire voting securities from an issuer and observes the waiting period, that person may acquire additional voting securities of the same issuer for five years after the end of the waiting period so long as it does not exceed any higher threshold as a

result of the combined purchases.

21.     Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), provides that any person, or any officer, director, or partner thereof, who fails to comply with any provision of the HSR Act is liable to the United States for a civil penalty for each day during which such person is in violation.  For violations occurring on or after November 2, 2015, and assessed after August 1, 2016, the maximum amount of civil penalty is $40,000 per day, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further amending the Federal Civil Penalty Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note), and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 81 Fed. Reg. 42,476 (June 30, 2016).  As of January 22, 2018, the maximum penalty amount was further increased to $41,484 per day for civil penalties assessed after that date.  83 Fed. Reg. 2903 (Jan. 22, 2018).

22.     Section 7A(g)(2) of the Clayton Act, 15 U.S.C. § 18a(g)(2), provides that if any person fails substantially to comply with the notification requirement under the HSR Act, a district court may grant such equitable relief as the court in its discretion determines necessary or appropriate, upon application of the Federal Trade Commission or the Assistant Attorney General.

## VIOLATIONS ALLEGED

23.     Plaintiff alleges and incorporates paragraphs 1 through 22 as if set forth fully herein.

24.     On December 11, 2015, Dow and DuPont entered into a Merger Agreement pursuant to which Dow and DuPont would consolidate into a single company, to be called DowDuPont.

25.     On June 10, 2106, Dow and DuPont issued their Final Proxy

Statement/Prospectus for the consolidation.  That document disclosed that, upon completion of

the transaction, Dow and DuPont would cease to have their common stock publicly traded and

that shareholders would own shares in DowDuPont and would not directly own any shares of

Dow or DuPont.

26.     On June 15, 2017, Dow and DuPont issued a joint press release stating that they

had received antitrust clearance from the U.S. Department of Justice and that the transaction was

on track to close in August 2017.

27.     On August 4, 2017, Dow and DuPont issued a joint press release setting a closing

date of August 31, 2017 for the transaction.  The press release also stated that shares of Dow and

DuPont would cease trading at the close of the New York Stock Exchange on August 31 and

shares of DowDuPont will begin trading on September 1, 2017.

28.     As of August 31, 2017, Defendant Third Point Offshore held 6,446,300 voting

securities of Dow, Defendant Third Point Ultra held 4,376,813 voting securities of Dow, and

Defendant Third Point Partners held 2,540,700 voting securities of Dow.

29.     On August 31, 2017, Dow and DuPont completed the consolidation pursuant to

the Merger Agreement of December 11, 2015, as amended on March 31, 2017.  As a result of the

consolidation, all holders of Dow and DuPont voting securities received voting securities of

DowDuPont.

30.     On August 31, 2017, each Defendant Fund received voting securities of

DowDuPont valued in excess of $80.8 million.  Defendant Third Point Offshore acquired

6,446,300 voting securities of DowDuPont valued at approximately $429.6 million.  Defendant

Third Point Ultra acquired 4,376,813 voting securities of DowDuPont valued at approximately

$291.7 million.  Defendant Third Point Partners acquired 2,540,700 voting securities of

DowDuPont valued at approximately $169.3 million.

31.     Each Defendant Fund is its own ultimate parent entity within the meaning of the HSR Rules and had its own obligation to comply with the notification and waiting period requirements of the HSR Act and the HSR Rules.

32.     The transactions described in Paragraph 30 were subject to the notification and waiting periods of the HSR Act and the HSR Rules.  The HSR Act and HSR Rules in effect during the time period relevant to this proceeding required that each Defendant Fund file a notification and report form with the Department of Justice and the Federal Trade Commission and observe a waiting period before acquiring and holding an aggregate total amount of voting securities of DowDuPont in excess of $80.8 million.

33.     Previously, on April 7, 2014, each Defendant Fund had filed under the HSR Act to acquire voting securities of Dow and had observed the waiting period.  Section 802.21 of the HSR Rules does not exempt the Defendant Funds' acquisitions of DowDuPont voting securities because DowDuPont is not the same issuer as Dow within the meaning of the HSR Rules. Among other things, for example, DowDuPont competes in additional lines of business from those in which Dow competed.

34.     Although required to do so, each Defendant Fund failed to file and observe the waiting period prior to acquiring DowDuPont voting securities.

35.     Defendant Third Point LLC had the power and authority to file a notification under the HSR Act on behalf of each of the Defendant Funds.

36.     On November 8, 2017, each Defendant Fund filed a notification and report form under the HSR Act with the Department of Justice and the Federal Trade Commission reflecting their acquisitions of DowDuPont voting securities.  The waiting period relating to these filings

expired on December 8, 2017.

37.     Each Defendant Fund was in violation of the HSR Act each day during the period

beginning on August 31, 2017, and ending on December 8, 2017.

38.     Defendants are currently under a court decree, also in the District Court of the

District of Columbia, resulting from allegations that they previously violated the HSR Act in

connection with acquisitions of voting securities of Yahoo! Inc. ("Yahoo").  Specifically, on

August 24, 2015, the United States filed a complaint for equitable relief alleging that

Defendants' acquisitions of Yahoo voting securities in August and September of 2011 violated

the HSR Act.  At the same time, the United States filed a Stipulation signed by Defendants and a

proposed Final Judgment that included provisions imposing certain injunctive relief against

Defendants, including the requirement that Defendants maintain a compliance program.  That

Final Judgment was entered by that court on December 18, 2015.  *U.S. v. Third Point Offshore

Fund, Ltd., et al.,* Case 1:15-CV-01366.

## REQUEST FOR RELIEF

Wherefore, the Plaintiff requests:

1.     That the Court adjudge and decree that each Defendant Fund violated the HSR

Act, 15 U.S.C. § 18a, as alleged in this Complaint and that each Defendant Fund was in violation

of the Act on each day of the period from August 31, 2017, through December 8, 2017;

2.     That the Court order each Defendant Fund to pay to the United States an

appropriate civil penalty as provided by the HSR Act, 15 U.S.C. § 18a(g)(1), the Federal Civil

Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74, § 701 (further

amending the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 note),

and Federal Trade Commission Rule 1.98, 16 C.F.R. § 1.98, 84 FR 3980 (Feb. 14, 2019);

3.     That the Court adjudge and decree that Defendant Third Point LLC had the power and authority to prevent the violations by the Defendant Funds and that relief against Third Point LLC is necessary and appropriate in order to ensure future compliance with the HSR Act by the Defendant Funds;

4.     That the Court issue an appropriate injunction preventing future violations by Defendants as provided by the HSR Act, 15 U.S.C. § 18a(g)(2);

5.     That the Court order such other and further relief as the Court may deem just and proper; and

6.     That the Court award the Plaintiff its costs of this suit.

Dated:  _8|28|19_____

FOR THE PLAINTIFF UNITED STATES
OF AMERICA:

_____          _____
Makan Delrahim                     Kenneth A. Libby
Assistant Attorney General         Jennifer Lee
Department of Justice              Kelly Horne
Antitrust Division                 Special Attorneys
Washington, DC  20530

## CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA<br>c/o Department of Justice | THIRD POINT OFFSHORE FUND, LTD.<br>THIRD POINT ULTRA, LTD.<br>THIRD POINT PARTNERS QUALIFIED L.P.<br>THIRD POINT LLC |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 99999
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Kenneth A. Libby, Jennifer Lee, Kelly Horne<br>Federal Trade Commission<br>400 Seventh Street S.W., Washington DC 20024<br>(202) 326-2694 | William H. Rooney DC Bar No. 386114<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue, New York, NY 10019-6099 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⊙ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

**⊙ A. Antitrust**

- [x] 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)          OR          ○ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/Privacy Act* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi-district Litigation  ○ 7 Appeal to District Judge from Mag. Judge  ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

15 U.S.C. 18a Failure to comply with the requirements of the Hart-Scott-Rodino Antitrust Improvements Act

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | **DEMAND $** $609,810<br>**JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

DATE: 8/28/19   SIGNATURE OF ATTORNEY OF RECORD _Kenneth A Libby_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
#### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI.    CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

Plaintiff,

v.

THIRD POINT OFFSHORE FUND, LTD.

THIRD POINT ULTRA LTD.

THIRD POINT PARTNERS QUALIFIED
L.P., and

THIRD POINT LLC

Defendants.

Civil Action No.

## **STIPULATION**

It is stipulated by and between the undersigned parties, by their respective attorneys, that:

(1)     The parties consent that the Court may file and enter a Final Judgment in the form

attached to this Stipulation as Exhibit A, on the Court's own motion or on the motion of any

party at any time after compliance with the requirements of the Antitrust Procedures and

Penalties Act ("APPA") (15 U.S.C. § 16), and without further notice to any party or other

proceedings if the Unites States has not withdrawn its consent, which it may do at any time

before the entry of the proposed Final Judgment by serving notice of its withdrawal on

Defendants Third Point Offshore Fund, Ltd., Third Point Ultra Ltd., Third Point Partners

30171673.2

Qualified L.P., and Third Point LLC (collectively, "Defendants") and filing that notice with the Court;

    (2)    Defendants waive any objection to venue or jurisdiction for purposes of this action and authorize Willkie Farr & Gallagher LLP to accept service of all process in this matter on their behalf;

    (3)    Defendants agree to arrange, at their expense, publication of the newspaper notice required by the APPA, which shall be drafted by the United States as prescribed by the APPA. The publication shall be arranged no later than five (5) business days after Defendants' receipt from the United States of the text of the notice and the identity of the newspaper within which the publication shall be made. Defendants shall promptly send to the United States (1) confirmation that publication of the newspaper notice has been arranged, and (2) the certification of the publication prepared by the newspaper within which the notice was published;

    (4)    Defendants shall abide by and comply with the provisions of the proposed Final Judgment pending entry of the Final Judgment by the Court, or until expiration of time for all appeals of any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation by the parties, comply with all the terms and provisions of the proposed Final Judgment. The United States shall have the full rights and enforcement powers in the proposed Final Judgment, including Section VIII, as though they were in full force and effect as the final order of the Court;

    (5)    This Stipulation shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court;

    (6)    In the event the United States has withdrawn its consent or if the proposed Final Judgment is not entered pursuant to this Stipulation, and the time has expired for all appeals of

30171673.2

any Court ruling declining entry of the proposed Final Judgment, and the Court has not otherwise ordered continued compliance with the terms and provisions of the proposed Final Judgment, then the parties are released from all further obligations under this Stipulation, and the making of this Stipulation and the submission of the proposed Final Judgment shall be without prejudice to any party in this or any other proceeding;

(7)     The Defendants represent that the actions they are required to perform pursuant to the proposed Final Judgment can and will be performed, and that the Defendants will later raise no claim of mistake, hardship, or difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein; and

(8)     The entry of the Final Judgment in accordance with this Stipulation settles, discharges, and releases any and all claims of the United States and the Federal Trade Commission, including claims for civil penalties and equitable relief pursuant to Section 7A of the Clayton Act, 15 U.S.C. § 18a, against Defendants for failure to comply with Section 7A of the Clayton Act, 15 U.S.C. §18a, in connection with the acquisition or receipt of voting securities of DowDuPont Inc. in 2017 by Defendant Third Point Offshore Fund, Ltd., by Defendant Third Point Ultra Ltd., and by Defendant Third Point Partners Qualified L.P.

FOR THE DEFENDANTS:

Third Point Offshore Fund, Ltd.
Third Point Ultra Ltd.
Third Point Partners Qualified L.P.
Third Point LLC

By: _____     Dated: _26 June 2019_
Theodore C. Whitehouse
D.C. Bar No. 298331
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, DC 20006-1238


By: _____     Dated: _June 19, 2019_
William H. Rooney
D.C. Bar No. 386114
(Not admitted to the United States District Court
for the District of Columbia)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099


By: _____     Dated: _June 25, 2019_
Josh Targoff
(Admitted only to the Bar of New York)
Partner, Chief Operating
Officer and General Counsel
Third Point LLC
390 Park Avenue
New York, NY 10022

- 4 -

30171673.2

**FOR THE PLAINTIFF:**

Makan Delrahim
D.C. Bar No. 437793
Assistant Attorney General
Department of Justice
Antitrust Division
Washington, D.C. 20530
(202) 514-2401

D. Bruce Hoffman
D.C. Bar No. 495385
Director
Bureau of Competition
Federal Trade Commission
Washington, D.C. 20580
(202) 326-2151

Marian Bruno
D.C. Bar No. 414126
Deputy Director

Kenneth A. Libby
Attorney

Jennifer Lee
Attorney

30171673.2

## ORDER

The Court having considered the parties' Joint Motion for Entry of Stipulation and Order, and upon the consent of the parties,

**IT IS HEREBY ORDERED** that all terms and provisions of the proposed Final Judgment shall be fully applicable to Defendants, and Defendants shall abide by and comply with such terms and provisions, pending compliance with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16.

Dated: _____

_____
UNITED STATES DISTRICT COURT JUDGE

30171673.2

## Parties Entitled To Notice Of Entry of Order

Counsel for the United States

Kenneth A. Libby, Esq.
Jennifer Lee, Esq.
Special Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2694
Fax: (202) 326-3392

Counsel for the Defendants

Josh Targoff, Esq.
Partner, Chief Operating
Officer and General Counsel
Third Point LLC
390 Park Avenue
New York, NY 10022

Theodore C. Whitehouse,
Esq.
William H. Rooney, Esq.
Philip F. DiSanto, Esq.
Willkie Farr & Gallagher
LLP
787 Seventh Avenue
New York, NY 10019
*Counsel for Defendants*

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

                                    Plaintiff

        v.

THIRD  POINT  OFFSHORE  FUND,  LTD.,
THIRD POINT ULTRA LTD.,
THIRD POINT PARTNERS QUALIFIED
L.P., and THIRD POINT LLC,

                                    Defendants.

Civil Action No. [xx]-[xxxx]

## [PROPOSED] FINAL JUDGMENT

WHEREAS, the United States of America filed its Complaint on August 28, 2019, alleging

that Defendants Third Point Offshore Fund, Ltd., Third Point Ultra Ltd., and Third Point Partners

Qualified L.P. (collectively, "Third Point Funds" or "Defendant Funds") violated Section 7A of

the Clayton Act (15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust

Improvements Act of 1976 (the "HSR Act")), and the United States and Defendants Third Point

Funds and Third Point LLC (collectively, "Defendants"), by their respective attorneys, have

consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or

law, and without this Final Judgment constituting any evidence against, or any admission by, any

party regarding any such issue of fact or law;

AND WHEREAS Defendants agree to be bound by the provisions of this Final Judgment

pending its approval by the Court;

NOW, THEREFORE, before any testimony is taken, and without trial or adjudication of

any issue of fact or law, and upon the consent of the parties, it is ORDERED, ADJUDGED AND

DECREED;

## I.    JURISDICTION

This Court has jurisdiction over the subject matter of this action. The Defendants consent

solely for the purpose of this action and the entry of this Final Judgment that this Court has

jurisdiction over each of the parties to this action and that the Complaint states a claim upon which

relief may be granted against Defendants under Section 7A of the Clayton Act, as amended (15

U.S.C. § 18a).

## II.    DEFINITIONS

As used in this Final Judgment:

(A)    "Consolidation" shall have the meaning of "consolidation" as used in 16 C.F.R. §

801.2.

(B)    "Consolidated Issuer" means an Issuer that is formed by a Consolidation.

(C)    "*De Minimis* Exemption" means a modification to the HSR Act or any Regulation

thereunder that exempts from the reporting and waiting requirements of the HSR Act the

acquisition of Voting Securities of an Issuer by any Acquiring Person, or by an Acquiring Person

that is not a competitor of the Issuer or that otherwise meets specified criteria, on the basis that the

acquisition results in the Acquiring Person's holding not more than, or less than, a specified

percentage of the outstanding Voting Securities of the Issuer.

(D)    "Issuer" means a legal entity that issues Voting Securities.

(E)    "Person" means any natural person.

(F)     "Regulation" shall mean any rule, regulation, statement, or interpretation under the HSR Act that has legal effect with respect to the implementation or application of the HSR Act or any section within 16 C.F.R. §§ 801-803.

(G)     "Third Point LLC" means Defendant Third Point LLC, a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 390 Park Avenue, 19th Floor, New York, NY 10022; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(H)     "Third Point Offshore Fund, Ltd." means Defendant Third Point Offshore Fund, Ltd., an exempted company organized under the laws of the Cayman Islands, with its registered office at Walkers Corporate Limited, Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(I)     "Third Point Partners Qualified L.P." means Defendant Third Point Partners Qualified L.P., a limited partnership organized under the laws of the State of Delaware, with its registered address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(J)     "Third Point Ultra Ltd." means Defendant Third Point Ultra Ltd., an international business company organized under the laws of the British Virgin Islands, with its registered office at Maples Corporate Services (BVI) Ltd., Kingston Chambers, P.O. Box 173, Road Town, Tortola,

British Virgin Islands; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(K)     Other capitalized terms have the meanings as defined in the HSR Act and Regulations promulgated thereunder, 16 C.F.R. §§ 801-803.

## III.     APPLICABILITY

(A)     This Final Judgment applies to all Defendants, as defined above, and to all other Persons and entities who are in active concert or participation with any of the foregoing with respect to conduct prohibited in Paragraph IV when the relevant Persons or entities have received actual notice of this Final Judgment by personal service or otherwise.

(B)     Pursuant to Rule 506(d)(2)(iii), 17 C.F.R. § 230.506(d)(2)(iii), as promulgated under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, disqualification under paragraph (d)(1) of Rule 506, 17 C.F.R. § 230.506(d)(1), shall not arise as a consequence of the entry of this Final Judgment or of the entry of any other order or judgment in this action.

## IV.     PROHIBITED CONDUCT

Each Defendant is enjoined from acquiring Voting Securities of a Consolidated Issuer in exchange for Voting Securities of any Issuer that was a party to the Consolidation when:

(A)     The acquisition of the Voting Securities of the Consolidated Issuer would meet the notification requirements of the HSR Act;

(B)     Defendant's acquisition of such Voting Securities would not be exempt from the reporting and waiting requirements of the HSR Act; and

(C)     Defendant has not fulfilled the reporting and waiting requirements of the HSR Act with respect to the acquisition of such Voting Securities.

## V.    CIVIL PENALTY

(A)    Judgment is hereby entered in this matter in favor of Plaintiff and against the

Defendants and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), and the

Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 §

701, codified at 28 U.S.C. § 1 (amending the Federal Civil Penalties Inflation Adjustment Act of

1990, Pub. L. 101-410 (codified at 28 U.S.C. § 2461 note)), and Federal Trade Commission Rule

1.98, 16 C.F.R. § 1.98, 81 Fed. Reg. 42, 476 (June 30, 2016), Defendant Funds are hereby ordered,

jointly and severally, to pay a single civil penalty in the amount of six hundred nine thousand,

eight hundred ten dollars and no cents ($609,810.00).  Payment of the civil penalty ordered hereby

shall be made by wire transfer of funds or cashier's check.  If the payment is made by wire transfer,

Defendant Funds shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group

at (202) 514-2481 for instructions before making the transfer.  If the payment is made by cashier's

check, the check shall be made payable to the United States Department of Justice and delivered

to:

> Janie Ingalls
> United States Department of Justice
> Antitrust Division, Antitrust Documents Group
> 450 5th Street, NW
> Suite 1024
> Washington, D.C. 20530

(B)    Defendant Funds shall pay the full amount of the civil penalty within thirty (30)

days of entry of this Final Judgment.  In the event of a default or delay in payment, interest at the

rate of 18 percent per annum shall accrue thereon from the date of the default or delay to the date

of payment.

## VI.    COMPLIANCE INSPECTION

(A)    For the purpose of determining or securing compliance with this Final Judgment, and subject to any legally recognized privilege, duly authorized representatives of the United States, including agents and consultants retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendants, be permitted:

> (1)    access during Defendants' office hours to inspect and copy, or at the option of the United States, to require Defendants to provide electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendants, relating to any matters contained in this Final Judgment; and

> (2)    to interview, either informally or on the record, Defendants' directors, officers, employees, agents, or other Persons, who may have their individual counsel present, regarding such matters.  The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

(B)    Upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, Defendants shall submit written reports or responses to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

(C)    No information or documents obtained by the means provided in this Final Judgment shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States or of the Federal Trade Commission, except in the course of legal proceedings to which the United States is a party (including grand

jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

(D)    If, at the time information or documents are furnished by Defendants to the United States, Defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1) of the Federal Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure," then the United States shall give Defendants ten (10) calendar days' notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VII.    RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify or terminate any of its provisions, to enforce compliance, and to punish any violations of its provisions.

## VIII.   ENFORCEMENT OF FINAL JUDGMENT

(A)    The United States retains and reserves all rights to enforce the provisions of this Final Judgment, including the right to seek an order of contempt from this Court.  Defendants agree that in any civil contempt action, any motion to show cause, or any similar action brought by the United States regarding an alleged civil violation of this Final Judgment, the United States may establish a civil violation of the decree and the appropriateness of any remedy therefor by a preponderance of the evidence, and Defendants waive any argument that a different standard of proof should apply.

- 7 -

(B)     The Final Judgment should be interpreted to give full effect to the procompetitive purposes of the antitrust laws, including the HSR Act and Regulations promulgated thereunder. Defendants agree that they may be held in contempt of, and that the Court may enforce, any provision of this Final Judgment that, as interpreted by the Court in light of these procompetitive principles and applying ordinary tools of interpretation, is stated specifically and in reasonable detail, whether or not it is clear and unambiguous on its face.  In any such interpretation, the terms of this Final Judgment should not be construed against either party as the drafter.

(C)     In any enforcement proceeding in which the Court finds that the Defendants have violated this Final Judgment, the United States may apply to the Court for a one-time extension of this Final Judgment, together with such other relief as may be appropriate.  In connection with any successful effort by the United States to enforce this Final Judgment against a Defendant, whether litigated or resolved prior to litigation, that Defendant agrees to reimburse the United States for the fees and expenses of its attorneys, as well as any other costs including experts' fees, incurred in connection with that enforcement effort, including in the investigation of the potential violation.

## IX.     EXPIRATION OF FINAL JUDGMENT

Unless the Court grants an extension, this Final Judgment shall expire five (5) years from the date of its entry, except that:

(A)     after three (3) years from the date of its entry, this Final Judgment may be terminated upon notice by the United States to the Court and Defendants that the civil penalty has been paid and that the continuation of the Final Judgment no longer is necessary or in the public interest; or

(B)     if, during any part of the term of this Final Judgment, a *De Minimis* Exemption becomes legally effective, then this Final Judgment may be terminated only upon notice by the

- 8 -

United States to the Court that the continuation of the Final Judgment no longer is necessary or in the public interest.  It shall be in the sole discretion of the United States whether to seek such termination after receiving a request to do so from Defendants.

X.    COSTS

Each party shall bear its own costs.

XI.    PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making available to the public copies of this Final Judgment, the Competitive Impact Statement, any comments thereon, and the United States' responses to comments.  Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and responses to comments filed with the Court, entry of this Final Judgment is in the public interest.

DATED: _____

Court approval subject to the
Antitrust Procedures and Penalties Act,
15 U.S.C. § 16

_____

United States District Judge

30082906.2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff<br><br>v.<br><br>THIRD POINT OFFSHORE FUND, LTD.,<br>THIRD POINT ULTRA LTD.,<br>THIRD POINT PARTNERS QUALIFIED<br>L.P., and THIRD POINT LLC,<br><br><br><br>                              Defendants. | Civil Action No. [xx]-[xxxx] |

[PROPOSED] FINAL JUDGMENT

WHEREAS, the United States of America filed its Complaint on August 28, 2019, alleging

that Defendants Third Point Offshore Fund, Ltd., Third Point Ultra Ltd., and Third Point Partners

Qualified L.P. (collectively, "Third Point Funds" or "Defendant Funds") violated Section 7A of

the Clayton Act (15 U.S.C. § 18a, commonly known as the Hart-Scott-Rodino Antitrust

Improvements Act of 1976 (the "HSR Act")), and the United States and Defendants Third Point

Funds and Third Point LLC (collectively, "Defendants"), by their respective attorneys, have

consented to the entry of this Final Judgment without trial or adjudication of any issue of fact or

law, and without this Final Judgment constituting any evidence against, or any admission by, any

party regarding any such issue of fact or law;

AND WHEREAS Defendants agree to be bound by the provisions of this Final Judgment

pending its approval by the Court;

NOW, THEREFORE, before any testimony is taken, and without trial or adjudication of

any issue of fact or law, and upon the consent of the parties, it is ORDERED, ADJUDGED AND

DECREED;

## I.   JURISDICTION

This Court has jurisdiction over the subject matter of this action. The Defendants consent solely for the purpose of this action and the entry of this Final Judgment that this Court has jurisdiction over each of the parties to this action and that the Complaint states a claim upon which relief may be granted against Defendants under Section 7A of the Clayton Act, as amended (15 U.S.C. § 18a).

## II.   DEFINITIONS

As used in this Final Judgment:

(A)   "Consolidation" shall have the meaning of "consolidation" as used in 16 C.F.R. § 801.2.

(B)   "Consolidated Issuer" means an Issuer that is formed by a Consolidation.

(C)   "*De Minimis* Exemption" means a modification to the HSR Act or any Regulation thereunder that exempts from the reporting and waiting requirements of the HSR Act the acquisition of Voting Securities of an Issuer by any Acquiring Person, or by an Acquiring Person that is not a competitor of the Issuer or that otherwise meets specified criteria, on the basis that the acquisition results in the Acquiring Person's holding not more than, or less than, a specified percentage of the outstanding Voting Securities of the Issuer.

(D)   "Issuer" means a legal entity that issues Voting Securities.

(E)   "Person" means any natural person.

(F)     "Regulation" shall mean any rule, regulation, statement, or interpretation under the HSR Act that has legal effect with respect to the implementation or application of the HSR Act or any section within 16 C.F.R. §§ 801-803.

(G)     "Third Point LLC" means Defendant Third Point LLC, a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 390 Park Avenue, 19th Floor, New York, NY 10022; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(H)     "Third Point Offshore Fund, Ltd." means Defendant Third Point Offshore Fund, Ltd., an exempted company organized under the laws of the Cayman Islands, with its registered office at Walkers Corporate Limited, Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(I)     "Third Point Partners Qualified L.P." means Defendant Third Point Partners Qualified L.P., a limited partnership organized under the laws of the State of Delaware, with its registered address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(J)     "Third Point Ultra Ltd." means Defendant Third Point Ultra Ltd., an international business company organized under the laws of the British Virgin Islands, with its registered office at Maples Corporate Services (BVI) Ltd., Kingston Chambers, P.O. Box 173, Road Town, Tortola,

30082906.2

British Virgin Islands; its successors and assigns; and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and their directors, officers, managers, agents, and employees.

(K)     Other capitalized terms have the meanings as defined in the HSR Act and Regulations promulgated thereunder, 16 C.F.R. §§ 801-803.

## III.     APPLICABILITY

(A)     This Final Judgment applies to all Defendants, as defined above, and to all other Persons and entities who are in active concert or participation with any of the foregoing with respect to conduct prohibited in Paragraph IV when the relevant Persons or entities have received actual notice of this Final Judgment by personal service or otherwise.

(B)     Pursuant to Rule 506(d)(2)(iii), 17 C.F.R. § 230.506(d)(2)(iii), as promulgated under the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, disqualification under paragraph (d)(1) of Rule 506, 17 C.F.R. § 230.506(d)(1), shall not arise as a consequence of the entry of this Final Judgment or of the entry of any other order or judgment in this action.

## IV.     PROHIBITED CONDUCT

Each Defendant is enjoined from acquiring Voting Securities of a Consolidated Issuer in exchange for Voting Securities of any Issuer that was a party to the Consolidation when:

(A)     The acquisition of the Voting Securities of the Consolidated Issuer would meet the notification requirements of the HSR Act;

(B)     Defendant's acquisition of such Voting Securities would not be exempt from the reporting and waiting requirements of the HSR Act; and

(C)     Defendant has not fulfilled the reporting and waiting requirements of the HSR Act with respect to the acquisition of such Voting Securities.

## V.    CIVIL PENALTY

(A)    Judgment is hereby entered in this matter in favor of Plaintiff and against the

Defendants and, pursuant to Section 7A(g)(1) of the Clayton Act, 15 U.S.C. § 18a(g)(1), and the

Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Pub. L. 114-74 §

701, codified at 28 U.S.C. § 1 (amending the Federal Civil Penalties Inflation Adjustment Act of

1990, Pub. L. 101-410 (codified at 28 U.S.C. § 2461 note)), and Federal Trade Commission Rule

1.98, 16 C.F.R. § 1.98, 81 Fed. Reg. 42, 476 (June 30, 2016), Defendant Funds are hereby ordered,

jointly and severally, to pay a single civil penalty in the amount of six hundred nine thousand,

eight hundred ten dollars and no cents ($609,810.00).  Payment of the civil penalty ordered hereby

shall be made by wire transfer of funds or cashier's check.  If the payment is made by wire transfer,

Defendant Funds shall contact Janie Ingalls of the Antitrust Division's Antitrust Documents Group

at (202) 514-2481 for instructions before making the transfer.  If the payment is made by cashier's

check, the check shall be made payable to the United States Department of Justice and delivered

to:

> Janie Ingalls
> United States Department of Justice
> Antitrust Division, Antitrust Documents Group
> 450 5th Street, NW
> Suite 1024
> Washington, D.C. 20530

(B)    Defendant Funds shall pay the full amount of the civil penalty within thirty (30)

days of entry of this Final Judgment.  In the event of a default or delay in payment, interest at the

rate of 18 percent per annum shall accrue thereon from the date of the default or delay to the date

of payment.

## VI.    COMPLIANCE INSPECTION

(A)     For the purpose of determining or securing compliance with this Final Judgment, and subject to any legally recognized privilege, duly authorized representatives of the United States, including agents and consultants retained by the United States, shall, upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendants, be permitted:

(1)     access during Defendants' office hours to inspect and copy, or at the option of the United States, to require Defendants to provide electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of Defendants, relating to any matters contained in this Final Judgment; and

(2)     to interview, either informally or on the record, Defendants' directors, officers, employees, agents, or other Persons, who may have their individual counsel present, regarding such matters.  The interviews shall be subject to the reasonable convenience of the interviewee and without restraint or interference by Defendants.

(B)     Upon written request of a duly authorized representative of the Assistant Attorney General in charge of the Antitrust Division, Defendants shall submit written reports or responses to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

(C)     No information or documents obtained by the means provided in this Final Judgment shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States or of the Federal Trade Commission, except in the course of legal proceedings to which the United States is a party (including grand

- 6 -

jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

(D)     If, at the time information or documents are furnished by Defendants to the United States, Defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1) of the Federal Rules of Civil Procedure, and Defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure," then the United States shall give Defendants ten (10) calendar days' notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VII.   RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for such further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify or terminate any of its provisions, to enforce compliance, and to punish any violations of its provisions.

## VIII.   ENFORCEMENT OF FINAL JUDGMENT

(A)     The United States retains and reserves all rights to enforce the provisions of this Final Judgment, including the right to seek an order of contempt from this Court.  Defendants agree that in any civil contempt action, any motion to show cause, or any similar action brought by the United States regarding an alleged civil violation of this Final Judgment, the United States may establish a civil violation of the decree and the appropriateness of any remedy therefor by a preponderance of the evidence, and Defendants waive any argument that a different standard of proof should apply.

- 7 -

(B)      The Final Judgment should be interpreted to give full effect to the procompetitive

purposes of the antitrust laws, including the HSR Act and Regulations promulgated thereunder.

Defendants agree that they may be held in contempt of, and that the Court may enforce, any

provision of this Final Judgment that, as interpreted by the Court in light of these procompetitive

principles and applying ordinary tools of interpretation, is stated specifically and in reasonable

detail, whether or not it is clear and unambiguous on its face.  In any such interpretation, the terms

of this Final Judgment should not be construed against either party as the drafter.

(C)      In any enforcement proceeding in which the Court finds that the Defendants have

violated this Final Judgment, the United States may apply to the Court for a one-time extension of

this Final Judgment, together with such other relief as may be appropriate.  In connection with any

successful effort by the United States to enforce this Final Judgment against a Defendant, whether

litigated or resolved prior to litigation, that Defendant agrees to reimburse the United States for

the fees and expenses of its attorneys, as well as any other costs including experts' fees, incurred

in connection with that enforcement effort, including in the investigation of the potential violation.

## IX.    EXPIRATION OF FINAL JUDGMENT

Unless the Court grants an extension, this Final Judgment shall expire five (5) years from

the date of its entry, except that:

(A)      after three (3) years from the date of its entry, this Final Judgment may be

terminated upon notice by the United States to the Court and Defendants that the civil penalty has

been paid and that the continuation of the Final Judgment no longer is necessary or in the public

interest; or

(B)      if, during any part of the term of this Final Judgment, a *De Minimis* Exemption

becomes legally effective, then this Final Judgment may be terminated only upon notice by the

United States to the Court that the continuation of the Final Judgment no longer is necessary or in the public interest.  It shall be in the sole discretion of the United States whether to seek such termination after receiving a request to do so from Defendants.

X.   COSTS

Each party shall bear its own costs.

XI.   PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest. The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making available to the public copies of this Final Judgment, the Competitive Impact Statement, any comments thereon, and the United States' responses to comments.  Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and responses to comments filed with the Court, entry of this Final Judgment is in the public interest.


DATED: _____


　　　　　　　　　　　　　　Court approval subject to the
　　　　　　　　　　　　　　Antitrust Procedures and Penalties Act,
　　　　　　　　　　　　　　15 U.S.C. § 16


　　　　　　　　　　　　　　_____

United States District Judge

30082906.2